[No. 13014.   Department Two.   April 6, 1916.]

MILWAUKEE LAND COMPANY, *Respondent*, v. JOSIAH BURK
                    *et al., Appellants.*[1]

APPEAL — RECORD — WAIVER OF DEFECTS.   The omission of the
names of certain appellants in a motion to strike the statement of
facts is immaterial where their counsel appeared and resisted the
motion.

APPEAL—DECISIONS—FINALITY.   Upon denial of a petition for re-
hearing directed to an order striking the statement of facts, the
order is not subject to review.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered March 13, 1915, upon findings
in favor of the plaintiff, in an action to quiet title, tried to
the court.   Affirmed.

*Edward K. Hawkins* and *J. N. Perkins*, for appellants.
*Geo. W. Korte* and *Robert C. Saunders*, for respondent.

MAIN, J.—The purpose of this action was to quiet title
to a tract of land consisting of approximately 14.70 acres.
After the issues were framed, the cause was tried to the court
without a jury, and resulted in findings of fact, conclusions
of law, and a judgment quieting the title to the land in the
plaintiff.   From this judgment the appeal is prosecuted.

After the record upon appeal had been filed in this court,
the respondent moved that the statement of facts be stricken
because not filed within the time required by law.   This mo-
tion, upon hearing, was granted.   Thereafter a petition for
rehearing was presented, and, after consideration, was denied.
When the case came on for hearing upon the merits, counsel
representing two of the defendants, to wit, John N. Perkins
and wife, insisted that the order striking the statement of
facts was not operative as to them because their names did
not appear in the title of the case as stated on the motion to

[1]Reported in 155 Pac. 577.

strike the statement of facts. But this contention is not well founded, for the reason that counsel representing these two defendants appeared in response to the motion and resisted its being granted. Whatever defect there may have been in the caption of the case under which the motion to strike was stated, the defendants whose names did not appear therein were in nowise misled thereby. Having appeared in response to the motion, Perkins and wife are bound by the order entered therein. Had they in anywise been misled by reason of the fact that their names did not appear in the title of the case, a different question would be presented.

The petition for rehearing directed to the order striking the statement of facts being denied, that order is not longer subject to review. In the present state of the record, the only question open for consideration is whether the findings support the judgment. A consideration of the findings leads to the conclusion that the judgment is supported thereby.

Judgment affirmed.

MORRIS, C. J., BAUSMAN, HOLCOMB, and PARKER, JJ., concur.